## SMITHA *vs.* CURETON.

[ACTION BY VENDOR FOR PRICE OF HORSE SOLD.]

1. *Admissibility of partner's declarations as evidence against co-partner.*—The declaration of one of the partners in a livery-stable, made during the existence of the partnership, to the effect that a horse purchased by him was bought for the firm, is admissible evidence for the vendor, in an action against the other partner, as survivor, to recover the price of the horse.

2. *Admissibility of declarations as part of res gestæ.*—The declarations of the purchaser of a horse, made after the consummation of the purchase, and when the vendor was not present, to the effect that he had won the horse, or had bought him on his own individual account, are not competent evidence against the vendor, in an action brought by him against a third person, as surviving partner of the firm of which the purchaser was a member, to recover the price of the horse.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. E. W. PETTUS.

Smitha v. Cureton.

E. C. Bullock, for appellant.

James L. Pugh, *contra.*

WALKER, J.—This action was brought by the appellee, to recover the price of a horse sold. The proof shows, that the defendant and one Wellborn were partners in the livery-stable business; and that the contract for the sale of the horse was made with Wellborn. The plaintiff was permitted to prove the admission of Wellborn, that he purchased the horse for the partnership. This admission appears from the bill of exceptions to have been made pending the partnership; and, it is probable, was made at the time of the sale of the horse. The admission of one partner, made during the partnership, in reference to a purchase for the partnership, is evidence against the other partner.—See the authorities collected in 1 Cowen & Hill's Notes to Phillipps on Ev. 174, note 177. A livery-stable is defined by the counsel for the appellant to be a place for the hire and keeping of horses. Adopting this definition of a livery-stable, we cannot intend that the purchase of horses for the stable is a transaction alien to the livery-stable business. Horses could not be kept for hire, unless they were bought, or in some other manner procured for the business. The witness expressly states, that it was admitted by the purchaser of the horse that he was needed for the stable, and was bought for that purpose.

The defendant offered to prove declarations, made by the person who bought horse, a day or two after the purchase was completed, and when the seller was not present, that the horse had been won from the seller. These declarations did not accompany the act of procuring the horse. They were descriptive of a past transaction, and cannot be deemed a part of the *res gestæ.*

The defendant also offered to prove the declarations of the purchaser of the horse, made by him after he had bought the horse, and when on his way returning from the place of purchase; which declarations were offered to prove that the horse was procured on the individual account of the purchaser. These declarations were

obnoxious to the same objection with those above noticed, and were properly excluded.

The judgment of the court below is affirmed.